### SALE OF PLEDGED CHATTELS.

Circuit Court of Hamilton County.

FRANK F. HELLMAN V. PROVINCE M. POGUE ET AL.

Decided, June, 1909.

*Notice of Sale of Pledged Chattels—Contract of Pledge Not Terminated When Notice of Sale is Inadequate—Right of Surety to Subrogation to Rights of Pledgee—Section 12194, providing when a judgment may be Revived by a Surety.*

*J. M. Dawson,* for plaintiff.

*C. B. Matthews* and *Pogue & Pogue,* contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

A sale of pledged chattels by the pledgee upon notice given only to such persons as he deems liable to be interested in the property and at his private office is not a public sale; and, in the absence of express agreement, if the property be bid off by him the contract of pledge is not thereby terminated, nor the relations of the parties changed. *Bank* v. *Richardson,* 156 Mo., 281; *Glidden* v. *Bank,* 53 O. S., 588.

A certificate by the pledgor of such sale subsequent to the payment by a surety of two of the judgments secured by the pledge does not defeat the right of the surety to be subrogated to the rights of the judgment creditor or pledgee in the property pledged. Sec. 5386, R. S.; *Hill* v. *King, Executor,* 48 O. S., 75.

Decree for plaintiff.